**Rule 601. Certification requirements of interested persons.**

 (a)  Magisterial district judges and arraignment court magistrates who are not members of the bar of this Commonwealth must complete a course of training and instruction in the duties of their respective offices and pass an examination and be certified by the Administrative Office of Pennsylvania Courts prior to assuming office.

 (b)(1) Any interested individual may apply to the Minor Judiciary Education Board to be enrolled in the course of training and instruction and take the examination to be certified.

   (2)  Any individual who has successfully completed the course of training and instruction and passed the examination, but who has not served as a magisterial district judge or arraignment court magistrate shall be certified for only a twenty-five-month period, and must complete the continuing education course every year in order to maintain his or her certification.

 (c)  Any individual certified under paragraph (b) who has not served as a magisterial district judge or arraignment court magistrate within twenty-five months will be required to take a review course as defined by the Minor Judiciary Education Board and pass an examination in order to maintain his or her certification by the Administrative Office of Pennsylvania Courts.

*Note:* The text of this rule is taken from Rule 19 of the Rules Governing Standards of Conduct of Magisterial District Judges, rescinded March 26, 2015, effective immediately. Rule 19 limits to twenty-five months the period of certification for individuals who have successfully completed the certification course and examination but have not served as judges or arraignment court magistrates. The rule permits individuals who are certified to serve as judges or arraignment court magistrates but who have not done so within twenty-five months of certification to take a review course and pass an examination to maintain their certification for an additional twenty-five-month period. Admission to the review course and recertification examination under paragraph (c) may be limited by the availability of space. In addition, the rule requires that all certified individuals must attend the annual continuing education course to maintain certification.

**[Act 17 of 2013, signed by the Governor and immediately effective on June 19, 2013, effectively abolished the Traffic Court of Philadelphia and transferred most of its duties to a new Traffic Division of the Philadelphia Municipal Court. See 42 Pa.C.S. § 1121. Under Act 17, the Traffic Court of Philadelphia is composed of two judges serving on the court on the effective date of the Act and whose terms expire on December 31, 2017. See 42 Pa.C.S. § 1321. Because this Rule concerns the certification and recertification of persons not yet elected to judicial office, all references to the Traffic Court of Philadelphia have been removed.]**

Rule 604. Continuing Education Requirement: Philadelphia Municipal Court Traffic Division **[Rescinded]**

**[(a) Every judge of the Philadelphia Municipal Court Traffic Division shall complete a continuing education program each year equivalent to not less than twenty (20) hours per year in such courses or programs as are approved by the Minor Judiciary Education Board. If a judge of the Philadelphia Municipal Court Traffic Division fails to meet these continuing education requirements the judge shall be subject to suspension until such time as evidence of compliance with such requirements is submitted by the Minor Judiciary Education Board, but in no event for longer than six months at which time the failure to meet the continuing education requirements shall be grounds for removal.**

**(b) No judge of the Philadelphia Municipal Court Traffic Division who is suspended by Order of the Supreme Court of Pennsylvania or the Court of Judicial Discipline shall be permitted to attend any continuing education course or program approved by the Minor Judiciary Education Board during the term of suspension. Notwithstanding the attendance requirements set forth in paragraph (a), the judge shall be provided the opportunity to make up any required hours of continuing education once the period of suspension has expired and an Order has been issued returning the judge to active status.**

**(c) Paragraph (b) shall not apply to any judge suspended for failure to complete the program described in paragraph (a).**

**(d) This Rule shall expire on January 1, 2018.]**

*Note:* **[The text of this rule is taken, in part, from Rule 22 of the Rules Governing Standards of Conduct for Magisterial District Judges, rescinded March 26, 2015, effective immediately.**

**Act 17 of 2013, signed by the Governor and immediately effective on June 19, 2013, effectively abolished the Traffic Court of Philadelphia and transferred most of its duties to a new Traffic Division of the Philadelphia Municipal Court. See 42 Pa.C.S. § 1121. Section 1121(a)(2) provides that the Traffic Division consists of four judges elected to the Traffic Court prior to the**

**effective date of Act 17 and also that if a vacancy occurs in Traffic Division, it shall not be filled. Act 17 further provides that the Traffic Court of Philadelphia is composed of two judges serving on the court on the effective date of the Act and whose terms expire on December 31, 2017. See 42 Pa.C.S. § 1321. Sections 1121(a)(2) and 1321 expire when Traffic Court is officially abolished by amendment of the Pennsylvania Constitution or on January 1, 2018, whichever date occurs later. Consequently, this]** <u>Act 17 of 2013 effectively abolished the Traffic Court of Philadelphia and transferred most of its duties to a new Traffic Division of the Philadelphia Municipal Court. *See* 42 Pa.C.S. § 1121.  This</u> Rule **[will]** expire**d** on January 1, 2018, when the terms end**ed** for the remaining judges elected to the Traffic Court of Philadelphia and assigned to the Philadelphia Municipal Court Traffic Division.